**VIRGINIA:**

IN THE FAIRFAX COUNTY CIRCUIT COURT

FILED
CIVIL
19 FEB 22 AM 9: 34
JOHN T. FREY
CLERK, CIRCUIT COURT

| | |
|---|---|
| CANDACE FORNESS<br>11850 Freedom Drive, Unit 704<br>Reston, Virginia 20190<br><br>    Plaintiff,<br><br>    v.<br><br>MASTERPIECE INTERNATIONAL<br>LIMITED, LLC<br>**Registered Agent:**<br>CT Corporation System<br>4701 Cox Road, Suite 285<br>Glen Allen, Virginia 23060<br><br>    Defendant. | 2019 02459<br><br>Case No.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR WRONGFUL TERMINATION

COMES NOW Plaintiff Candace Forness, by counsel, and moves for judgment against Defendant Masterpiece International Limited, LLC a/k/a Magnate Worldwide, for damages including compensatory damages and punitive damages for the defendant's violation of her rights on the following grounds:

1. Candace Forness ("Plaintiff") is an adult and a resident of the Commonwealth of Virginia.

2. Masterpiece International Limited, LLC ("Defendant") is a Delaware Limited Liability Company with its principal place of business in New York, New York.

3. On or about March 5, 2018, Plaintiff commenced her employment with Defendant as its Qualifying Licensed Custom Broker at Defendant's office located at 950 Herndon Parkway, Suite 355, Herndon, Virginia 20170.

4. In Plaintiff's position, Plaintiff reported directly to Janet Lloyd ("Ms. Lloyd"), Branch Manager of the Fine Arts Division of Masterpiece International.

5. On or between the dates of March 6, 2018 - March 12, 2018, Ms. Lloyd directed Plaintiff to forge shipping labels and relating shipping and customs documents with false and fraudulent notations such as "Artwork Only" and "No Exhibition," on description relating to Defendant's packages for shipments to pass through United States Customs in Philadelphia, Pennsylvania.

6. On or about April 4, 2018, Ms. Lloyd directed Plaintiff to forge shipping labels and related shipping and customs documents containing false and fraudulent weights and/or descriptions for shipments transmitted to United States Customs.

7. The purpose of Ms. Lloyd directing Plaintiff to forge documents with false and/or fraudulent package description information was to insure the shipments would not be pulled and/or inspected by United States Customs and Border Protection officials and, as a consequence, Defendant would gain an unfair competitive advantage against competing import/export companies that otherwise complied with United States Customs and Border Protection shipping and related laws.

8. In response to Ms. Lloyd's direction, Plaintiff declined and informed Ms. Lloyd that to falsify or forge such documents was unlawful and that Plaintiff, as the Qualifying Licensed Custom Broker, would be personally liable and/or culpable for engaging in or perpetrating such an illegality.

9. In response, Ms. Lloyd persisted and demanded that Plaintiff perpetrate falsifications and forgery and demanded she violate clearly stated Virginia law and United States Customs laws and regulations for the benefit of Defendant and for Defendant's clients.

10. Notwithstanding Ms. Lloyd's demand, Plaintiff stood her ground and refused to participate or otherwise engage in unlawful activities.

11. In response to Plaintiff's refusal to engage in unlawful activities, Ms. Lloyd subjected Plaintiff to hostile and severe workplace harassment including micromanaging, assigning work with unreasonable demands, expectations and/or timelines, subjected Plaintiff to arbitrary public workplace scolding and discipline, publicly belittled Plaintiff, publicly yelled instructions and demands at Plaintiff, publicly humiliated Plaintiff, and subjected Plaintiff generalized impolite and rude behavior.

12. The cause and reason Ms. Lloyd subjected Plaintiff to a hostile and severe workplace was because Ms. Lloyd and Defendant wanted Plaintiff to voluntarily quit her employment so that Plaintiff would not stand in the way of Ms. Lloyd and Defendant forging and/or falsifying documents to present to United States Customs and Border Protection.

13. Notwithstanding the severe and hostile work environment, Plaintiff did not and would not voluntarily quit her employment with Defendant.

14. Ultimately, when it became clear that Ms. Lloyd and Defendant could not cause Plaintiff to voluntarily quit her employment with Defendant, Defendant terminated Plaintiff's employment on April 11, 2018.

15. The motivating reason and cause for Defendant's termination of Plaintiff's employment is that Plaintiff refused to forge or falsify documents to present to United States Customs and Border Protection.

16. Virginia Code § § 18.2-168 sets forth that, "[i]f any person forge a public record, or certificate, return, or attestation, of any public officer or public employee, in relations to any matter wherein such certificate, return, or attestation may be received as legal proof, or utter, or

attempt to employ as true, such forged record, certificate, return, or attestation, knowing the same to be forged, he shall be guilty of a Class 4 felony." Other statutes generally prohibit forgery in commerce, including Virginia Code § 18.2-172.

17. The statutes above was enacted to protect the "personal freedoms, health, safety, [and] welfare of the general public," and Plaintiff is a member of the class of persons these statutes were designed to protect. *See Mitchem v. Counts*, 259 Va. 179 (2000).

18. Defendant terminated Plaintiff's employment because Plaintiff refused to engage in or permit an expressly stated Virginia criminal statue and a felony.

19. Defendant's termination of Plaintiff is in violation of an expressly stated Virginia public policy.

20. Because Plaintiff was discharged in violation of this public policy, because she was a member of the general public whom the criminal statutes identified *supra.* was designed to protect, because she had a statutory right to refuse to engage in a criminal act and because the discharge violates Virginia public policy it constitutes wrongful discharge in violation of Virginia public policy. *See Bowman v. State Bank Keysville*, 229 Va. 534 (1985).

21. Intentional torts such as a *Bowman* claim necessarily carry the specter of punitive damages. *Smith v. Litten*, 256 Va. 573 (1998)("A summary of our opinions shows that if a tortfeasor's tort was intentional rather than negligent, *i.e.,* deliberately committed with intent to harm the victim; or, if a tortfeasor's negligent act or omission in violation of the common law reflects malice, willful or wanton conduct, or a conscious disregard of the victim's common law rights; and if the evidence is sufficient to support an award of compensatory damages, the victim's right to punitive damages and the quantum thereof are jury questions.").

22. As a direct and proximate result of the acts and omissions of the Defendant in unlawfully discharging the Plaintiff, she has suffered economic and physical and emotional injuries including, but not limited to, lost salary, lost employee benefits, lost raises, loss of reputation, shame, embarrassment, humiliation, physical ailments and associated medical bills, pain, suffering, mental anguish, anxiety, and distress.

23. Not only was Defendant's termination of Plaintiff's employment in violation of clearly stated Federal and Virginia law, Defendant's termination of Plaintiff was done in direct contravention of policies in place drafted and created by Defendant which forbid the altering of such records. This evinces that Defendants' termination of Plaintiff's employment was done maliciously and in knowing disregard of the law.

WHEREFORE, Plaintiff Candace Forness respectfully prays this Court enter judgment against Defendants Masterpiece International Limited, LLC a/k/a Magnate Worldwide as follows:

1. Compensatory damages in an $250,000;

2. Punitive damages in the amount of $350,000;

3. Back pay together with prejudgment interest, reimbursement for lost fringe benefits, training and promotional opportunities, cost of obtaining new employment, lost future wages, and other appropriate relief to redress the discriminatory practices complained of herein;

4. An award for attorneys' fees and costs incurred in pursuing this action;

5. Prejudgment interest on said all amounts pursuant to § 8.01-382;

6. An award of such further relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to the Code of Virginia and the Constitution of Virginia, Plaintiff demands a trial by jury on the matters raised herein.

Dated: February 22, 2019

Respectfully Submitted

_____
Gregg C. Greenberg, VSB No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: 301-587-9373
Facsimile: 240-839-9142
Email: ggreenberg@zagfirm.com

_____
Matthew T. Sutter, VSB No. 66741
Sutter & Terpak, PLLC
7540 A Little River Turnpike, First Floor
Annandale, Virginia 22003
Telephone: 703-256-1800
Facsimile: 703-991-1661
Email: matt@sutterandterpak.com

*Counsel for Plaintiff*